Gseen, J.
delivered the opinion of the court.
Gn the 6th of November, 1833, Michael Dean, of Warreri county, executed a paper writing, which he calls an indenture, to Eleanor and Mary Jane Watkins, -in which he recites that they are the children of Hannah Watkins, wife of Henry Watkins, who is his natural daughter, .that he is far advanced in life, and has no legitimate children, and has considerable property, real and personal; and for the purpose of making provision for his said daughter during her life, and for her children after her *326 ^eat^> ^le “doth give, grant, convey, and enfeoff", set over, and confirm, and by these presents, he the said party Qj- L[10 grst parti does for die purposes and considerations aforesaid, give, grant, set over, alien, enfeoff", confirm and convey to the said parties of the second part, to have and to hold to them their heirs and assigns, one equal moiety or equal half of all the property that he the said party of the first party may die seized or possessed of, whether in law or equity, or in possession, or in action, including all lands, tenements and hereditaments of what description soever, and also all negro slaves of what description soever, whether in possession or action. And also all moneys that he may be possessed of, or may be due him from any source whatsoever, and also one equal half of all the live stock of what description soever, that he may die seized or possessed of; and also, one half of every thing of what nature soever that he may die possessed of, or that may be due him in any way whatever, at the time of his death, to have and to hold to them, the parties of the second part, their heirs and assigns for ever.” He then stipulates that the property is to be held in trust for the exclusive support and maintenance of the said Hannah, during her natural life; and upon the further trust, that every other child born of the body of said Hannah, should have an equal portion of said property, with said Eleanor and Mary Jane, at the death of said Hannah, when it was to be equally divided among all her children.
The instrument was acknowledged before the clerk of the chancery court at McMinnville, the same day it was executed, and on22d of July, 1834, it was registered in Warren county.
In 1835, Michael Dean died, intestate, and administration of his estate was granted to the defendant, Lucy, his widow. Mrs. Watkins and her children, by their next friend, Henry Watkins, bring this bill to have partition of the real, and distribution of the personal estate.
1. The first question arises upon the construction of this paper. Can it take effect as a deed, or must it be regarded as testamentary in its character? A deed must take effect in presenti. 2 Kent’s Com. 438. But this instrument, by its *327 terms, was to take effect at the death of Michael Dean. It does not purport to convey any property of which he was the owner at its date, but gives the one half of all the property of which he may die seized and possessed. It is most clear therefore, that it could not pass to the donees, any property owned by the old man at its date. As therefore it was to take effect only at the death of Michael Dean, it is a will, and not a deed. Roberts on Wilis, 145. Viewing it as a will, it is not executed so as to pass land, not being subscribed and attested by two witnesses. The complainants are therefore entitled to one half of the personal property only.
2. The defendant Lucy, the widow of Michael Dean, treating the aforesaid instrument as a testamentary paper, prays leave to dissent from it, and claims one half the estate under the act of 1827, c 14.
The widow has a right to dissent, and claim the provision the law makes in such cases. But we do not think she can take the one half under the act of 1827. That act provides, that where a man may die intestate, and without child or children, his widow shall be entitled to one half his estate. It means, what its words obviously import, not that the widow by dissenting from his will, under the act of 1784, c 22, thereby creates, as to her, an intestacy under the act of 1827. The latter act intended to give her the one half in one case only, where the husband, having no child, had not made any disposition by will of his estate, but it did not intend to prevent him from giving it, as before, to whomsoever he might choose, or to enlarge the rights of the widow, in case he made a will, beyond the provisions of the act of 1784. If the construction contended for were correct, the same result would follow a dying with, or without a will, and the use of the word intestate, would be wholly unnecessary and senseless. But it is manifest the legislature intended the word intestate to be operative and to have effect, which it would not do, if the construction contended for were sanctioned by the court. The widow in this case is only entitled to dower in the land, and to one third part of the personal estate.
The other defendants, heirs at law of Michael Dean, are *328 entitled to the balance of the estate, consisting of two thirds of the land and one sixth of the personal estate. Affirm the decree.
Decree affirmed.